UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

FRANCISCO MORALES,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY DEPARTMENT OF
CORRECTION, NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE, NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, POLICE
OFFICER RICHARD M. SILVERSTEIN, POLICE OFFICER
IVAN WILLIAMS, JOHN/JANE DOE 1-20, XYZ CITY,
MUNICIPAL AND/OR STATE GOVERNMENT AND/OR
CORPORATION AND/OR AGENCY 1-10,

                                        Defendants.

-------------------------------------------------------------------- x

**ECF CASE NO.:**

**VERIFIED COMPLAINT**

*Jury Trial Demanded*

## PRELIMINARY STATEMENT

1.      This civil rights action arises from the unlawful, wrongful and false arrest of the

Plaintiff, FRANCISCO MORALES, occurring on or about March 28, 2017, executed by police

officers operating under the employ, direction, supervision and control of the Defendants, THE

CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but

not limited to, Defendants, POLICE OFFICER RICHARD M. SILVERSTEIN, POLICE

OFFICER IVAN WILLIAMS, and JOHN/JANE DOE, 1-20, unidentified police officers

employed by the New York City Police Department, in their official capacity as police officers,

and in their individual capacity; and the resultant unlawful, wrongful and false detainment and

imprisonment of the Plaintiff, FRANCISCO MORALES, committed by the Defendants, THE

CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, including, but not

limited to, POLICE OFFICER RICHARD M. SILVERSTEIN, POLICE OFFICER IVAN

WILLIAMS, and JOHN/JANE DOE, 1-20, unidentified police officers employed by the New York City Police Department, in their official capacity as police officers and in their individual capacity; as well as the subsequent wrongful, unjust and malicious prosecution of the Plaintiff, by the Defendants, committed by the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to, POLICE OFFICER RICHARD M. SILVERSTEIN, POLICE OFFICER IVAN WILLIAMS, and JOHN/JANE DOE, 1-20, unidentified police officers employed by the New York City Police Department, in their official capacity as police officers and in their individual capacity, and Defendants the NEW YORK CITY DEPARTMENT OF CORRECTION and JOHN/JANE DOE, 1-20, unidentified correction officers and/or personnel employed by the New York City Department of Correction, in their official capacity as correction officers and/or Department of Correction personnel, and in their individual capacity, resulting in Plaintiff having been wrongfully and improperly imprisoned and detained, and/or in hospital care resultant from the inadequate and improper medical treatment and care received while in the custody of the Defendants and provided for by the NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, from March 28, 2017, to on or about April 18, 2017. The above actions were caused in part or in whole by the Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY DEPARTMENT OF CORRECTION, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, POLICE OFFICER RICHARD M. SILVERSTEIN, POLICE OFFICER IVAN WILLIAMS, JOHN/JANE DOE 1-20, XYZ CITY, MUNICIPAL AND/OR STATE GOVERNMENT AND/OR CORPORATION AND/OR AGENCY 1-10, jointly, severally, and/or individually, for

subjecting Plaintiff to false and/or wrongful arrest, malicious prosecution, fabricated evidence, and in essence wrongfully imprisoned Plaintiff based on "mistaken identity", and therein caused the Plaintiff the unlawful loss of liberty, and mental and physical pain and anguish.   The Plaintiff, FRANCISCO MORALES, seeks compensatory damages for violation of his civil rights, pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York; compensatory damages for wrongful and false arrest of the Plaintiff; compensatory damages for wrongful and false imprisonment and detainment of the Plaintiff; and compensatory damages for the emotional and physical pain and suffering, damages to medical health, caused by the unlawful detainment and subsequent negligent and woefully inadequate medical care he received while in the custody of the Defendants. Plaintiff further seeks punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

2.      This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1981, 1983, 1985 and 1986. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3). Plaintiff asserts jurisdiction over the City of New York of all claims in this Court under 28 U.S.C. §1367, and invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims pursuant to the laws of the State of New York.

**VENUE**

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Eastern District of New York.  Moreover, venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b), because Plaintiff resided in that District at the time of the events forming the basis of Plaintiff's Complaint, and the events forming the basis of Plaintiff's Complaint occurred in that District. The Defendants' deliberate indifference to Plaintiff's Federally protected rights took place in that District, specifically in the vicinity of 4113 Fourth Avenue, in the County of Kings, City and State of New York, and at an NYPD Precinct in the County of Kings, City and State of New York, in New York State and/or City Courts located in the County of Kings, and in the Courts and Correctional Facilities in the County of Kings, City and State of New York, and in the County of Queens (Rikers Island), City and State of New York.

**PARTIES**

4.      Plaintiff FRANCISCO MORALES (hereinafter "Plaintiff" or "Mr. Morales") is a resident of the United States, County of New York, City and State of New York, at the time of the arrest referred to herein, Mr. Morales was a resident of the County of Kings, City and State of New York.

5.      That the Defendant, THE CITY OF NEW YORK, hereinafter referred to as Defendant NYC, is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York.

4

6. That the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, hereinafter referred to as Defendant NYPD, was established by Defendant NYC, and is maintained by that Defendant as a constituent department or agency.

7. That the Defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTION, hereinafter referred to as Defendant DOC, was established by Defendant NYC, and is maintained by that Defendant as a constituent department or agency.

8. That the Defendant, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, hereinafter referred to as Defendant DOH, was established by Defendant NYC, and is maintained by that Defendant as a constituent department or agency.

9. That the Defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, hereinafter referred to as Defendant HHC, was established by Defendant NYC, and is maintained by that Defendant as a constituent department or agency.

10. Police Officer Richard M. Silverstein (hereinafter "P.O. Silverstein"), Shield No. 7189, is a member of the NYPD who was assigned to the 72nd Precinct on March 28, 2017, and is sued herein in his individual and official capacity.

11. Police Officer Ivan Williams (hereinafter "P.O. Williams"), Shield No. 13991, is a member of the NYPD who was assigned to the 72nd Precinct on March 28, 2017, and is sued herein in his individual and official capacity.

12. Plaintiff reserves his right to name additional individuals and/or state or city officials and/or law enforcement personnel and/or correction personnel pursuant to the naming of JOHN/JANE DOES 1-20, and/or municipal and/or city and/or state government agencies and/or departments pursuant to the naming of XYZ CITY, MUNICIPAL AND/OR

5

STATE GOVERNMENT AND/OR CORPORATION AND/OR AGENCY 1-10 as they may be discovered through the course of this litigation.

13.     That the Defendants, JOHN/JANE DOE, 1-20, unidentified police officers employed by the New York City Police Department, in their official capacity as police officers, and in their individual capacity, hereinafter referred to as Defendants "JOHN DOE"/"JANE DOE", were operating under the employ of the New York City Police Department; and were employed in such capacity as police officers and/or police detectives by Defendants NYC and NYPD.

14.     That the Defendants, JOHN/JANE DOE, 1-20, unidentified corrections officers and/or personnel employed by the New York City Department of Correction, in their official capacity as correction officers and/or DOC personnel, and in their individual capacity, hereinafter referred to as Defendants "JOHN DOE"/"JANE DOE", were operating under the employ of the New York City Department of Correction; and were employed in such capacity as correction officers and/or personnel by Defendants NYC and DOC.

15.     That the Defendants, JOHN/JANE DOE, 1-20, unidentified health care personnel employed by the NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE in their official capacity as such, and in their individual capacity, hereinafter referred to as Defendants JOHN/JANE DOE 1-20, were operating under the employ of the New York City DOH; and were employed in such capacity as health care personnel by Defendants NYC and DOH.

16.     That the Defendants, JOHN/JANE DOE, 1-20, unidentified health care personnel employed by the NEW YORK CITY HEALTH AND HOSPITALS CORPORATION

6

in their official capacity as such, and in their individual capacity, hereinafter referred to as Defendants "JOHN DOE"/"JANE DOE", were operating under the employ of the New York City HHC; and were employed in such capacity as health care personnel by Defendants NYC and HHC.

17.     That the Defendant(s), XYZ CITY, MUNICIPAL AND/OR STATE GOVERNMENT AND/OR CORPORATION AND/OR AGENCY 1-10, hereinafter referred to as Defendant(s) XYZ, was established by Defendant NYC, and is maintained by that Defendant as a constituent department or agency.

18.     That at all times relevant, Defendant NYC, its agents, servants, employees, and/or representatives hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/ otherwise controlled certain individuals employed and/or serving in the capacity as police officers and/or detectives, and/or correction officers, and/or health care personnel, for the Defendants, NYC and/or NYPD, and/or DOC, and/or DOH, and/or HHC, and/or XYZ City, Municipal and/or State Government and/or Corporation and/or Agency 1-10, and, including but not limited to Defendants, P.O. Silverstein, P.O. Williams, and/or John/Jane Doe 1-20, in their official capacity as police officers, and/or detectives, and/or correction officers, and/or health care personnel and in their individual capacity.

19.     That at all times relevant, Defendants NYC, NYPD, DOC, DOH, HHC, and/or XYZ 1-10   its agents, servants, employees, and/or representatives hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/ otherwise controlled certain individuals employed and/or serving in the capacity as police officers and/or detectives and/or correction officers and/or health care personnel for the Defendants, NYC, NYPD, DOC, DOH, HHC and/or XYZ 1-10, including but not limited to Defendants, P.O. Silverstein, P.O.

Williams, and/or John/Jane Does 1-20, in their official capacity as police officers, detectives, correction officers, and/or health care personnel, and in their individual capacity.

20.     That at all times relevant, the 72nd Precinct of the New York City Police Department and/or Central Booking, was a unit, division and/or precinct of Defendant NYPD, as part of a constituent department or agency established and maintained by Defendant NYC.

21.     That at all times relevant, Central Booking, and/or, Rikers Island and its individual correctional facilities/housing, was a unit, division and/or facility, of Defendant DOC, as part of a constituent department or agency established and maintained by Defendant NYC.

22.     That at all times relevant, the medical care, diagnosis, and treatment, or lack thereof, rendered to the Plaintiff while in custody of the Defendants, was provided by employees, personnel, and/or agents, of the Defendants NYPD, DOC, DOH and/or HHC, in facilities operated by such, as part of a constituent department or agency established and maintained by Defendant NYC.

23.     That at all times relevant, certain individuals under the employ, direction, supervision and control of the Defendants, NYC and NYPD, were operating as duly and acting police officers and/or detectives, including the Defendants, POLICE OFFICER RICHARD M. SILVERSTEIN, POLICE OFFICER IVAN WILLIAMS, JOHN/JANE DOE 1-20 and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department.

24.     That at all times relevant, certain individuals under the employ, direction, supervision and control of the Defendants, NYC and DOC, were operating as duly and acting correction officers and/or personnel, including the Defendants, JOHN/JANE DOE 1-20 and/or

8

certain correction officers and/or or personnel affiliated with and/or serving on behalf of the DOC and NYC.

25.     That at all times relevant, certain individuals under the employ, direction, supervision and control of the Defendants, NYC and DOH and/or HHC, were operating as duly and acting medical and health care professionals and/or personnel, including the Defendants, JOHN/JANE DOE 1-20 and/or certain medical and health care professionals and/or or personnel affiliated with and/or serving on behalf of the DOH and/or HHC and NYC.

26.     That at all times relevant, certain individuals under the employ, direction, supervision and control of the Defendants, NYC and XYZ, were operating as duly and acting, law enforcement, correction, medical and health care professionals and/or personnel, and/or employed in an official and/or other capacity relevant to Plaintiff's allegations herein, by NYC or an agency thereof, including the Defendants, JOHN/JANE DOE 1-20 and/or certain law enforcement, correction, medical and health care professionals and/or or personnel, and/or employed in an official and/or other capacity relevant to the Plaintiff's allegations herein, affiliated with and/or serving on behalf of XYZ and NYC.

27.     That at all times relevant, certain individuals under the employ, direction, supervision and control of the Defendants, NYC and NYPD, including but not limited to, the Defendants, POLICE OFFICER RICHARD M. SILVERSTEIN, POLICE OFFICER IVAN WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, were acting pursuant to their authority as New York City police officers, detectives, agents, servants, employees and/or representatives of Defendants NYC and NYPD. Notwithstanding the unconstitutional and unlawful conduct of Defendants, POLICE OFFICER RICHARD M. SILVERSTEIN, POLICE

OFFICER IVAN WILLIAMS, and/or JOHN/JANE DOE 1-20, unidentified police officers employed by the New York City Police Department, in their official capacity as police officers, and in their individual capacity, and/or certain police officers/detectives affiliated with and serving on behalf of the 72nd Precinct of the New York City Police Department, who wrongfully, unlawfully, falsely and/or maliciously arrested, imprisoned and prosecuted the Plaintiff, the actions of said individuals were taken in the course of their duties as New York City/New York City Police Department police officers, and were incidental to their otherwise lawful function as agents, servants, employees and/or representatives of Defendants NYC and/or NYPD.

28. That at all times relevant, certain individuals under the employ, direction, supervision and control of the Defendants, NYC and DOC, including the Defendants, JOHN/JANE DOE 1-20, and/or certain correction officers and/or personnel affiliated with and serving on behalf of the DOC, were acting pursuant to their authority as New York City DOC correction officers, agents, servants, employees and/or representatives of Defendants NYC and DOC. Notwithstanding the unconstitutional and unlawful conduct of Defendants, JOHN/JANE DOE 1-20, unidentified correction officers and/or personnel employed by the New York City DOC, in their official capacity as correction officers, and/or DOC personnel, and in their individual capacity, and/or certain correction officers and/or DOC personnel, affiliated with and serving on behalf of the DOC, who wrongfully, unlawfully, falsely and/or maliciously arrested, imprisoned and/or prosecuted the Plaintiff, the actions of said individuals were taken in the course of their duties as New York City DOC correction officers, and/or employees and/or agents, and were incidental to their otherwise lawful function as agents, servants, employees and/or representatives of Defendants NYC and/or DOC.

10

29.     That at all times relevant, certain individuals under the employ, direction, supervision and control of the Defendants, NYC and DOH and/or HHC, including the Defendants, JOHN/JANE DOE 1-20, and/or certain health care professionals and/or personnel affiliated with and/or serving on behalf of the DOH and/or HHC, were acting pursuant to their authority and/or professional expertise as DOH and/or HHC, health care professionals, agents, servants, employees and/or representatives of Defendants NYC and DOH and/or HHC. Notwithstanding the negligent and/or reckless conduct of Defendants, JOHN/JANE DOE 1-20, unidentified health care professionals and/or personnel employed by the New York City DOH and/or HHC, in their official and/or professional capacity as health care professionals, and/or DOH and/or HHC personnel, and in their individual capacity, and/or certain health care professionals and/or DOH and/or HHC personnel, affiliated with and serving on behalf of the DOH and/or HHC, who negligently, and/or recklessly, provided medical treatment, or failed to provide adequate medical treatment and diagnosis to the Plaintiff, causing pain and suffering and serious and permanent medical injuries, the actions of said individuals were taken in the course of their duties as New York City DOH and/or HHC health care professionals, and/or employees and/or agents, and were incidental to their otherwise lawful function as health care professionals, agents, servants, employees and/or representatives of Defendants NYC and/or DOH and/or HHC.

30.     That at all times relevant, certain individuals under the employ, direction, supervision and control of the Defendants, NYC and XYZ, including JOHN/JANE DOE 1-20, and/or certain personnel affiliated with and/or serving on behalf of XYZ, were acting pursuant to their authority and/or professional experience as agents, servants, employees and/or representatives of Defendants NYC and XYZ. Notwithstanding the unconstitutional and

unlawful conduct of Defendants, JOHN/JANE DOE 1-20, unidentified personnel employed by the New York City and/or XYZ, in their official capacity and/or professional capacity as XYZ personnel, and in their individual capacity, and/or certain XYZ personnel, affiliated with and serving on behalf of the XYZ, who wrongfully, unlawfully, falsely and/or maliciously arrested, imprisoned and/or prosecuted the Plaintiff, the actions of said individuals were taken in the course of their duties as employees and/or agents of NYC and/or XYZ, and were incidental to their otherwise lawful function as agents, servants, employees and/or representatives of Defendants NYC and/or DOC.

31.     That at all relevant times, certain individuals operating under the employ, direction, supervision and control of the Defendants, NYC and NYPD, including but not limited to, Defendants POLICE OFFICER RICHARD M. SILVERSTEIN, POLICE OFFICER IVAN WILLIAMS, and JOHN/JANE DOE 1-20, certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, while acting pursuant to their authority as New York City police officers/detectives and/or agents, servants, employees and/or representatives Defendants NYC and/or NYPD, acted within the scope of their employment with said Defendants.

32.     That at all relevant times, certain individuals operating under the employ, direction, supervision and control of the Defendants, NYC and DOC, including JOHN/JANE DOE 1-20, certain correction officers and/or personnel affiliated with and/or serving on behalf of the New York City DOC, while acting pursuant to their authority as New York City DOC correction officers, and/or personnel, and/or agents, servants, employees and/or representatives Defendants NYC and/or DOC, acted within the scope of their employment with said Defendants.

33.     That at all relevant times, certain individuals operating under the employ, direction, supervision and control of the Defendants, NYC and DOH and/or HHC, including JOHN/JANE DOE 1-20, certain health care personnel affiliated with and/or serving on behalf of the New York City DOH and/or HHC, while acting pursuant to their authority, and/or professional expertise, as New York City DOH and/or HHC health care professionals and/or personnel, and/or agents, servants, employees and/or representatives Defendants NYC and/or DOH and/or HHC, acted within the scope of their employment with said Defendants, in a negligent and/or reckless and/or manner falling below the standards in the health care and medical field.

34.     That at all relevant times, certain individuals operating under the employ, direction, supervision and control of the Defendants, NYC and XYZ, including JOHN/JANE DOE 1-20, certain government, City, and/or agency, personnel affiliated with and/or serving on behalf of XYZ, while acting pursuant to their authority, and/or professional expertise, as XYZ personnel, and/or agents, servants, employees and/or representatives Defendants NYC and/or XYZ, acted within the scope of their employment with said Defendants.

35.     That alternatively, Defendants, POLICE OFFICER RICHARD M. SILVERSTEIN, POLICE OFFICER IVAN WILLIAMS, and JOHN/JANE DOE 1-20, unidentified police officers employed by Defendants NYC and/or NYPD, in their official capacity as police officers, and in their individual capacity, and/or certain police officers operating under the employ, direction, supervision and control of Defendants NYC and NYPD, were, at all relevant times, acting outside the scope of their employment.

36.     That alternatively, Defendants, JOHN/JANE DOE 1-20, unidentified correction officers, and/or personnel, employed by Defendants NYC and/or DOC, in their

official capacity as correction officers, and/or DOC personnel, and in their individual capacity, and/or certain correction officers and/or personnel operating under the employ, direction, supervision and control of Defendants NYC and DOC, were, at all relevant times, acting outside the scope of their employment.

37.     That alternatively, Defendants, JOHN/JANE DOE 1-20, unidentified health care professionals and/or personnel, employed by Defendants NYC and/or DOH and/or HHC, in their official and/or professional capacity as health care workers and/or personnel, and/or DOH and/or HHC personnel, and in their individual capacity, and/or certain health care professionals, and/or personnel, operating under the employ, direction, supervision and control of Defendants NYC and DOH and/or HHC, were, at all relevant times, acting outside the scope of their employment.

38.     That alternatively, Defendants, JOHN/JANE DOE 1-20, unidentified law enforcement, government, agency and/or City employees, health care professionals and/or personnel, employed by Defendants NYC and XYZ in their official and/or professional capacity, and in their individual capacity, and/or certain law enforcement, government, agency, and/or City employees, health care professionals, and/or personnel, operating under the employ, direction, supervision and control of Defendants NYC and XYZ were, at all relevant times, acting outside the scope of their employment.

## STATEMENT OF FACTS

39.     That on or about March 28, 2017, at approximately 4:40 P.M. of that day, the Plaintiff while lawfully situated in or about the immediate vicinity of 4113 4th Avenue, in the County of Kings, City and State of New York, was wrongfully charged with a crime, and was

14

wrongfully and falsely arrested; and thereafter, wrongfully and falsely detained and imprisoned, by police officers operating under the employ, direction, supervision and control of the Defendants, NYC and/or NYPD, their agents, servants, employees and/or representatives, which included Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20 and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department.

40.     That on or about March 28, 2017, at approximately 4:40 P.M. of that day, the Plaintiff while lawfully situated in or about the immediate vicinity of 4113 4th Avenue, in the County of Kings, City and State of New York, was wrongfully and/or falsely charged with a crime by police officers operating under the employ, direction, supervision and/or control of the Defendants, NYC and/or NYPD, their agents, servants, employees and/or representatives, which included Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20 and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department.

41.     That on or about March 28, 2017, at approximately 4:40 P.M. of that day, the Plaintiff while lawfully situated in or about the immediate vicinity of 4113 4th Avenue, in the County of Kings, City and State of New York, was wrongfully arrested, with said arrest being without probable cause, warrant or exigency, by police officers operating under the employ, direction and/or supervision of the Defendants, NYC and/or NYCPD, their agents, servants, employees and/or representatives, including Defendants P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20 and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department.

15

42.     That the Plaintiff was guilty of no crime, was wrongfully and falsely arrested, and then wrongfully and falsely detained, imprisoned and jailed thereafter, with said jailing occurring initially within the confines of the 72 Precinct, New York City Police Department, located at 830 4th Avenue, Brooklyn, New York 11232. Plaintiff was wrongfully charged, arrested, detained, imprisoned and jailed for allegedly violating the law "open container law", however, was further wrongfully charged, arrested, detained, imprisoned and jailed for the alleged crimes of another bearing the same or similar name "Francisco Morales". Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain New York City police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, operating under the employ, direction, supervision and control of the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, wrongfully and unlawfully took Plaintiff thereafter into police custody, and brought Plaintiff to the 72nd Precinct stationhouse, located at 830 4th Avenue, Brooklyn, New York 11232, at which time Plaintiff was detained and/or imprisoned for a period of time. At no time during said period did the Defendants engage in their official duties and responsibilities to verify Plaintiff's indemnity and failed to discovery that Plaintiff was neither the perpetrator nor involved with the subject crime, or the subject of the bench warrant, and wrongfully arrested and detained him based thereon. Plaintiff was thereafter taken by the Defendants P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20 and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, to "Central Booking" within the confines of the Criminal Court of the City of New York, Kings County, located at the Red Hook Community Justice Center, located at 88 Visitation Pl, Brooklyn, NY 11231, and/or Criminal Court of the City of New York, Kings County, 120

Schermerhorn Street, Brooklyn, New York, and to the aforementioned Red Hook Community Justice Center, where he was arraigned (with said case having been assigned Arrest Number K17621254H, and Docket Number 2017CK000827), and when the alleged "open container" charge was disposed of pursuant to an adjournment in contemplation of dismissal and/or a non-criminal disposition, Plaintiff was intentionally, negligently, and/or recklessly, erroneously, unconstitutionally, and unlawfully remanded, and/or subject to bail having been set thereafter at an amount which Plaintiff could not satisfy, on the aforementioned open bench warrant, issued for a Francisco Morales, who was another individual  other than this Plaintiff. Said egregious conduct and misidentification was unlawful and shocks the conscious. Plaintiff was detained and jailed thereafter at Rikers Island Correctional Facility, located in the County of Queens, City and State of New York, where he was wrongfully continuously detained, imprisoned and jailed, and/or hospitalized due to illness, mistreatment, and inadequate medical care, until on or about April 18, 2018, despite a court release that acknowledged that Plaintiff was held in custody in error, prior to such date. Defendants NYC, DOC, and JOHN/JANE DOES 1-20, unidentified correction officers, and/or DOC personnel, further wrongfully charged, arrested, detained, imprisoned and jailed the Plaintiff and failed in their official and professional capacity, in holding the Plaintiff wrongfully, negligently, recklessly, and/or intentionally, and unlawfully, and compounding and furthering the other Defendants actions, errors, and/or omissions, in acting without due diligence, and in failing to identify the Plaintiff as being a different individual than the Francisco Morales with an open case and bench warrant, charged with Sexual Abuse in the Second Degree and other related charges, pursuant to Docket Number 2010KN043580.

43.     That police officers and/or detectives operating under the employ of the Defendants, NYC and/or NYPD, including Defendants P.O. SILVERSTEIN, P.O. WILLIAMS,

JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or DOC, including correction officers and personnel, JOHN/JANE DOE 1-20, wrongfully identified Plaintiff as the perpetrator and/or criminal Defendant in connection with the open case and bench warrant, and charges of Sexual Abuse in the Second Degree and other related charges, pursuant to Docket Number 2010KN043580, despite possessing no reasonable basis, substantive evidence or probable cause that Plaintiff participated in said occurrence and that Plaintiff was the individual wanted pursuant to the aforementioned case and warrant, and despite having the ability and duty, forensic, investigative and otherwise, to ensure that the correct individual was arrested, detained, jailed, pursuant to the said warrant, they failed to do so, leading to the wrongful and unlawful arrest and incarceration of the Plaintiff.

44.     That police officers and/or detectives operating under the employ of the Defendants, NYC and/or NYPD, including Defendants P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or DOC, including correction officers and personnel, JOHN/JANE DOE 1-20, wrongfully failed to take any reasonable measures to identify and/or verify the Plaintiff, as the perpetrator and/or criminal Defendant in connection with the open case and bench warrant, and charges of Sexual Abuse in the Second Degree and other related charges, pursuant to Docket Number 2010KN043580, and despite otherwise possessing no reasonable basis, substantive evidence or probable cause that Plaintiff participated in said occurrence, nor that Plaintiff was the wanted individual with said warrant associated with the aforementioned case, despite Defendants NYC, NYPD, DOC, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or

18

serving on behalf of the 72nd Precinct, New York City Police Department, and/or DOC, including correction officers and personnel, JOHN/JANE DOE 1-20, said Defendants took no measures to ensure the proper identification of the Plaintiff, brought in connection with the criminal prosecution of the Plaintiff herein, and the unlawful detainment and incarceration thereof.

45.     That at no time between the date of Plaintiff's arrest was the Plaintiff ever produced by Defendants, their agents, servants, employees and/or representatives, for proper identification, and at no time did the Defendants undertake their duty to ensure that the proper Defendant was arrest, detained and/or incarcerated.

46.     That the arrest and/or charges of brought against the Plaintiff, under the mistaken and/or reckless, and/or negligent, and/or intentional, and/or unlawful and/or unconstitutional assertion that he was another individual by the same name, resulted in an unlawful and unjust criminal prosecution and detention of the Plaintiff.

47.     That during the pendency of the criminal action brought against Plaintiff resulting from said unlawful arrest and/or charges brought against the Plaintiff, under the mistaken and/or reckless, and/or negligent, and/or intentional, and/or unlawful and/or unconstitutional assertion that he was another individual by the same name, by Defendants NYC, NYPD, DOC, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or DOC, including correction officers and personnel, JOHN/JANE DOE 1-20, the attorneys prosecuting such action on behalf of the Kings County District Attorney, who further did not discover, and did not oppose the wrongful detainment and incarceration of the Plaintiff, until the discovery thereof, and the request that Plaintiff be released, as per an affidavit

dated April 7, 2017, and submitted to the court by the handling prosecutor, Assistant District Attorney Artur G. Jagielski, who under penalty of perjury, affirmed and admitted that Plaintiff was not the correct Francisco Morales, wanted pursuant to the bench warrant issued in relation to charges under Docket Number 2010KN043580, and requesting the Plaintiff's immediate release. Filed with the within Complaint as **EXHIBIT A** is the Affidavit of Assistant District Attorney Artur G. Jagielski.

48.     That the Plaintiff, was ordered released from Defendants' custody pursuant to the Order of the Court, dated April 7, 2017, upon a finding that Plaintiff had been wrongfully identified as the individual sought by law enforcement pursuant to a bench warrant and prosecuted for charges under Docket Number 2010KN043580, resulting in Plaintiff having been wrongfully, falsely and maliciously charged and incarcerated for a crime which Plaintiff did not commit; and with Plaintiff being wrongfully, falsely and maliciously arrested; and with Plaintiff being wrongfully, falsely and maliciously detained; and with Plaintiff being wrongfully, falsely and maliciously imprisoned, as well as wrongfully, falsely and maliciously jailed for an extensive period of time; and with Plaintiff having been wrongfully, falsely and maliciously prosecuted and incarcerated for crimes which Plaintiff did not commit. Filed with the within Complaint as **EXHIBIT B** is the Order of Hon. Sharon Hudson ordering the release of the Plaintiff. Furthermore, Court documents include a handwritten note addressed to the presiding judge admitting that Plaintiff was the wrong individual custody. Filed with the within Complaint as **EXHIBIT C** is the aforementioned court file note.

49.     That the Plaintiff, was ordered released from Defendants' custody upon the unreasonably delayed discovery that Plaintiff was the "wrong Defendant", and that Plaintiff was unlawfully and wrongfully in custody, by reason of the arrest and/or charges, and

20

detainment, asserted against the Plaintiff by Defendants NYC, NYPD, DOC, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or DOC, including correction officers and personnel, JOHN/JANE DOE 1-20, their agents, servants, employees and/or representatives. Accordingly, Plaintiff was ordered released from Defendants' custody by Order of Judge Sharon Hudson on April 7, 2017, (**EXHIBIT B**), but upon information and belief, Plaintiff was held in custody and/or in hospital care until on or about April 18, 2017.

50.     That the Plaintiff was released from Defendants' custody on or about April 18, 2017, upon findings that Defendants NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, including Defendants P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20 and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or certain correction officers and/or personnel affiliated with the DOC, had wrongfully identified the Plaintiff as the individual perpetrating and/or committing said crime(s) herein referenced, and wrongfully identified the Plaintiff as the Francisco Morales wanted pursuant to a warrant in connection with Docket Number 2010KN043580, all of which resulted in Plaintiff having been wrongfully and falsely charged for a crime which Plaintiff did not commit; and with Plaintiff being wrongfully and falsely arrested; and with Plaintiff being wrongfully and falsely detained; and with Plaintiff being wrongfully and falsely imprisoned, as well as wrongfully and falsely jailed for a significant period of time, during which time Plaintiff was wrongfully, falsely and maliciously prosecuted by Defendants herein.

21

51.     On or about March 28, 2017, at approximately 4:40 p.m., in the vicinity of 4113 4th Avenue, in the County of Kings, City and State of New York, P.O. Williams, P.O. Silverstein and presumptively other NYPD law enforcement personnel not yet known at this time, were on active police duty in the confines of the 72 Precinct. During the course of their duty, these officers approached Plaintiff, and according to the allegations made in the criminal complaint filed in this matter, placed Plaintiff under arrest for allegedly consuming a beer in public, in the doorway of the aforementioned location. Upon information and belief, Plaintiff's arrest was without cause.   Pursuant to arrest number K17621254H Plaintiff was arbitrarily charged with Consumption of Alcohol in Public, pursuant to AC 10-125(B). Plaintiff alleges that he had not committed a crime, and Plaintiff was therein unlawfully seized and detained by officers and deprived of his liberty. After being seized by the police, Plaintiff was eventually taken to the 72nd Precinct for arrest processing. After the arrest paperwork was completed, Plaintiff was taken to Central Booking to await arraignment in Kings County Criminal Court within the Red Hook Community Justice Center. While Plaintiff was awaiting arraignment, P.O. Silverstein, P.O. Williams and/or other unidentified officers and members of law enforcement, unknown to the Plaintiff at this time, met with a prosecutor employed by the Kings County District Attorney's Office. Defendants with malice, misrepresented to the prosecutor and the court that Plaintiff had committed the crime of Consumption of Alcohol in Public. At some point at, during and/or after his arrest, Plaintiff was misidentified as a different individual by the same name of Francisco Morales, with an open case and bench warrant, charged with Sexual Abuse in the Second Degree and other related charges, pursuant to 2010KN043580. Defendants with malice, misrepresented to the prosecutor and the court that Plaintiff had committed the crime of Sexual Abuse in the Second Degree and other related charges, was subject to an open bench

warrant, and was a different individual by the name of Francisco Morales. This misidentification was due to the intentional, and/or reckless, and or negligent conduct on behalf of the Defendants. As a result of the aforesaid misrepresentation and/or misidentification, Plaintiff was brought up on false charges of Sexual Abuse in the Second Degree and other related charges, and incarcerated pursuant to said charges and an outstanding warrant. Plaintiff was eventually brought before the court for arraignment in Criminal Court, Kings County. At arraignment Plaintiff was wrongfully remanded and incarcerated. Plaintiff was not released and wrongfully incarcerated following the arrest. Upon information and belief, Defendants' mistake was discovered by the District Attorney's Office, and/or Court, and them as they admittedly could not prove the case against Plaintiff beyond a reasonable doubt, and that the wrong Defendant was in custody, and Plaintiff was not the correct Defendant and was therefore wrongfully arrested and incarcerated. Plaintiff was unlawfully detained, incarcerated, and prosecuted from the moment of detention to the dismissal of his case and/or his release from Defendants' custody and/or care.

52.    The Defendants are liable to Plaintiff for claims, including but is not limited to, false arrest, malicious prosecution, fabricated evidence, intentional and/or negligent infliction of emotional and physical distress and injury, and medical malpractice, in violation of Plaintiff's rights pursuant to the Fourth, Fifth, Sixth, and/or Fourteenth Amendments of the United States Constitution, Article 1 Section 12 of the New York State Constitution, 42 U.S.C. 1983 and 1988, and New York Civil Rights Law, and therein causing the Plaintiff the unlawful loss of liberty, and mental and physical pain and anguish, and economic damages. On or about, March 28, 2017, at approximately 1:00-2:00 p.m., at or about, 4113 4th Avenue, Brooklyn, New York 11232, when Plaintiff was falsely arrested and detained, and continuing through until his release from prison and/or hospital on April 18, 2017, dismissal of case on April 18, 2017. The

false arrest was the result of the negligent hiring, the negligent training, and/or supervision of the Defendants. As a result, Plaintiffs' rights under the 4th, 5th, 6th, and/or 14th Amendments of the United States Constitution, and 42 U.S.C. 1983 and 1988, Article 1 Section 12 of the New York State Constitution and New York Civil Rights Law Section 8 were violated. Defendants with malice, misrepresented to the prosecutor that Plaintiff had committed the crimes charged. Defendant was unlawfully detained, incarcerated, and prosecuted from the moment of detention to the dismissal of his case. Defendant was arrested for crimes he had no part of, and was misidentified by the Defendant NYPD, DOC, law enforcement officials, detectives, and/or officers. NYPD and DOC and Defendants failed to exercise due diligence and due care as required under the law. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD, and DOC, and the Civilian Complaint Review Board, and from the NYPD's and DOC's own observations, that the individual Defendants are unfit, ill-tempered, and/or negligent and unqualified, police officers and/or correction officers and/or personnel, who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers.  The aforesaid conduct by the City of New York violated Claimants rights under 42 U.S.C. § 1983, 1988 and the United States Constitution, along with the applicable rights pursuant to the laws of the State of New York.

53.     That Plaintiff was unlawfully and falsely charged with a crime; arrested, detained and imprisoned by Defendants NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, including Defendants P.O. SILVERSTEIN, P.O. WILLIAMS,

JOHN/JANE DOE 1-20  and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, as well as certain individuals operating as police officers under the employ, direction, supervision and/or control of Defendants NYC and/or NYPD, their agents, servants, employees and/or representatives, and/or certain correction officers and/or personnel affiliated with the DOC, even though Plaintiff had committed no crimes, and despite Defendants' arresting police officers having possessed no reasonable basis or probable cause, warrant or exigency, to believe that Plaintiff had committed any crimes; and despite the Plaintiff not being the Defendant wanted and charged pursuant to Docket Number 2010KN043580, and despite Defendants being under the duty to ensure the correct identification of the Plaintiff, and having the means to do so.

> 54.    That upon information and belief, and at all times pertinent hereto, the Defendants, NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, permitted and tolerated a pattern and practice of wrongful and unreasonable conduct rendered by police officers, including Defendants P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20  and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, as well as certain individuals operating as police officers under the employ, direction, supervision and/or control of Defendants NYC and/or NYPD, their agents, servants, employees and/or representatives, and/or certain correction officers and/or personnel affiliated with the DOC, operating under the employ, direction, supervision and control of Defendants NYC, DOC, and/or NYPD, which conduct included racial profiling, incorrect identification and/or the failure to properly identify the Plaintiff, wrongful arrest and detention.

25

55. That upon information and belief, the Defendants, NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, have maintained a system of review of police and/or correction conduct which is so untimely and cursory as to be ineffective, and to permit and tolerate conduct, including but not limited to, the wrongful and unreasonable conduct of force, wrongful arrest, arbitrary detention, by police officers, including Defendants P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20 and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or personnel operating under the employ, direction, supervision and control of Defendants NYC and/or NYPD and/or DOC.

56. That the acts, omissions, systematic flaws, policies, and customs of the Defendants, NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, caused, in whole or in part, Defendants P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20 and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or personnel while operating under the employ, direction, supervision and/or control of Defendants NYC, DOC, and/or NYPD, to wrongfully, unlawfully and falsely charge and arrest and detain Plaintiff for committing a crime which Plaintiff did not commit; and misidentified Plaintiff as a wanted Defendant, and thereafter wrongfully, unlawfully and falsely detain, confine, imprison and jail Plaintiff, with said imprisonment and jailing of Plaintiff continuing for a substantial period of time, despite Defendants P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or personnel associated with the DOC, having the duty and means to correctly identify Plaintiff, and with aforementioned

26

Defendants affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and personnel, all of whom operated under the employ, direction, supervision and/or control of the Defendants NYC, DOC and/or NYPD, having failed to undertake reasonable investigation into the underlying case(s). Defendants NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, wrongfully, improperly and falsely charged, arrested, detained and imprisoned Plaintiff, resulting in Plaintiff having been jailed and imprisoned for a substantial period of time, before Plaintiff was released following a finding that the wrong individual was in custody, and therefore police officers and/or DOC personnel had wrongfully and falsely effectuated said charges, arrest, detainment and imprisonment.

57.     That the Plaintiff, was released from Defendants' custody, upon findings that Defendants NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, including P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20 and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or personnel, had wrongfully identified the Plaintiff as the individual perpetrating and/or committing said crime(s), all of which resulted in Plaintiff having been wrongfully and falsely charged for a crime which Plaintiff did not commit; and with Plaintiff being wrongfully and falsely detained; and with Plaintiff being wrongfully and falsely imprisoned, as well as wrongfully and falsely jailed for a significant period, during which time Plaintiff was wrongfully, falsely and maliciously prosecuted by Defendants NYC, DOC and NYPD.

58.     That prior to Plaintiff having been released by Defendants NYC, DOC and/or NYPD, and the aforementioned Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS,

JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers, and/or DOC personnel, Defendants herein obtained information, and/or should have obtained information with due diligence and protocol required pursuant to their official and/or professional duties, which clearly evidenced that Plaintiff had not committed the subject crimes, and was not the Francisco Morales wanted pursuant to a warrant and charged pursuant to Docket Number 2010KN043580. Defendants NYC, DOC, NYPD, their agents, servants, employees and/or representatives herein referenced, lacked reasonable basis and/or probable cause to initiate and/or continue with criminal prosecution undertaken of the Plaintiff, by reason of Defendants having complete access to individuals/witnessed with personal and/or firsthand knowledge of the subject crime, and/or to forensic tools, including but not limited to fingerprinting, criminal databases, and/or investigative tools and techniques, to establish that the Plaintiff herein was not the individual committing the subject crimes; was not wanted pursuant to a warrant, was not the Francisco Morales charged pursuant to Docket Number 2010KN043580, and with Defendants, their agents, servants, employees and/or representatives, having taken no measures to produce, and/or investigate, Plaintiff for identification and/or verification. Defendants NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives; as well as Defendants' arresting officers, including Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or DOC personnel, clearly acted with malice towards Plaintiff, in refusing to discontinue and/or terminate said criminal prosecution and detention, brought against the Plaintiff herein, in a just and timely manner, and failed to do so on their own accord.

59.     The Defendants, NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives; Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or DOC personnel, knew, or should have known with the due diligence required pursuant to their official and/or professional duties, about and/or possessed definitive information that Plaintiff had not committed the subject crime(s); was not the individual sought pursuant to a warrant, and that Defendants could not evince any facts or circumstances which could lead a reasonable prudent person to believe that Plaintiff was the Defendant wanted and charged pursuant to Docket Number 2010KN043580.

60.     The Defendants NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives; as well as Defendants' arresting officers, including Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or DOC personnel, acted in bad faith by initiating and/or continuing with their prosecution and detention of the Plaintiff, as Defendants knew about and/or should have known about, and possessed definitive information, and/or failed to investigate properly to ascertain said information, that Plaintiff had not committed the subject crime(s); was not the individual sought pursuant to a warrant, and that Defendants could not evince any facts or circumstances which could lead a reasonable prudent person to believe that Plaintiff was the Defendant wanted and charged pursuant to Docket Number 2010KN043580.

61.     The Defendants, NYC, DOC, and/or NYPD, their agents, servants, employees and/or representatives; including Defendants, P.O. SILVERSTEIN, P.O.

WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or DOC personnel, acted with malice by initiating and/or continuing with their prosecution of the Plaintiff, as Defendants knew about, or should have known about, and/or possessed definitive information, or should have investigated to receive said information, that Plaintiff had not committed the subject crime(s); that the Plaintiff was not the individual wanted and charged pursuant to Docket Number 2010KN043580, and that Defendants could not evince any facts or circumstances which could lead a reasonable prudent person to believe that Plaintiff was guilty of the charges committed, and was the Defendant wanted and charged pursuant to Docket Number 2010KN043580. Defendants acted with malice in continuing with their prosecution, and detention, of Plaintiff herein, as Defendants did not possess any basis, reason or cause to believe that Plaintiff was either involved or participated in the subject occurrence, and was the individual wanted pursuant to Docket Number 2010KN043580, and failed in their due diligence, as required by their professional and official duties, to utilize the tools available to them, forensic, investigatory and otherwise, and/or intentionally detained Plaintiff. As such, Defendants' motive for initiating and/or continuing said criminal prosecution of the Plaintiff was improper.

62.    That Plaintiff was unlawfully, wrongfully, falsely and/ or maliciously charged with a crime; arrested, detained, imprisoned and prosecuted by Defendants NYC, DOC, and/or NYPD, their agents, servants, employees and/or representatives; including Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or DOC personnel.

63.     That the Plaintiff was unlawfully detained, confined, imprisoned and held within Defendants' custody, while being maliciously prosecuted, even though Plaintiff had committed no crimes, and was not the individual wanted and charged pursuant to Docket Number 2010KN043580, and despite Defendants knowing, or should have known, and/or possessing definitive information, or should have possessed said information, that Plaintiff had not committed the subject crime(s); and that Defendants could not evince any facts or circumstances which could lead a reasonable prudent person to believe that Plaintiff was the Defendant wanted and charged pursuant to Docket Number 2010KN043580.

64.     That the Plaintiff was unlawfully, wrongfully, falsely and maliciously prosecuted by Defendants, even though Plaintiff had committed no crime, and with Defendants having been specifically obtaining information establishing that Plaintiff was not the individual committing the subject crime or was the Defendant wanted and charged pursuant to Docket Number 2010KN043580. Accordingly, Defendants herein possessed no reasonable basis or probable cause, warrant or exigency, to believe that Plaintiff had committed the subject crime or was the Defendant wanted and charged pursuant to Docket Number 2010KN043580.

65.     That the Plaintiff, was unlawfully charged, arrested, detained, confined, imprisoned and jailed within NYC, NYPD and DOC custody; and was wrongfully, falsely, improperly and/or maliciously prosecuted, resulting in Plaintiff having suffered deprivation of constitutional rights, as well as loss of freedom, in addition to other damages. Plaintiff also suffered the physical and psychological trauma and pain and suffering, worsening and/or exacerbation of existing medical conditions and/or caused to suffer new physical and emotional medical conditions, shock, debasement, fright, great disgrace, embarrassment, loss of self-

31

esteem, emotional harm and humiliation of being publicly detained and placed in custody, without any just or probable cause.

66.     As a result of Defendants' actions, Plaintiff suffered emotional distress, fear, embarrassment, humiliation, loss of liberty, shock, discomfort, pain and suffering, and the harshness of incarceration. Furthermore, as a result of Defendants' actions, the Plaintiff experienced injuries, and/or exacerbation of preexisting physical and emotional conditions and/or injuries, and suffered injuries, including strain and contusions, pain and suffering, and emotional distress. Furthermore, Plaintiff was denied access to his medications, those being necessary and vital to his well-being, causing pain and suffering, and emotional and physical harm and distress.

67.     That the acts, omissions, systematic flaws, policies, and customs of the Defendants, NYC, DOC, and/or NYPD, their agents, servants, employees and/or representatives; including Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or DOC personnel, while operating under the employ, direction, supervision and/or control of the Defendants, NYC, DOC, NYPD and/or KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, to wrongfully, unlawfully and falsely charge and arrest and detain Plaintiff for committing a crime which Plaintiff did not commit; and thereafter wrongfully, unlawfully and falsely detaining, confining, imprisoning and jailing Plaintiff, with said imprisonment and jailing of Plaintiff continuing for an extensive period of time, while also wrongfully, improperly and maliciously prosecuting Plaintiff, despite Defendants knowing, or should have known, and/or possessing definitive information, or should have possessed, that Plaintiff had not committed the subject crime(s). The Defendants, NYC,

DOC, and/or NYPD, their agents, servants, employees and/or representatives, including Defendants, P.O. SILVERSTEIN, P.O. WILLIAMS, JOHN/JANE DOE 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York City Police Department, and/or correction officers and/or DOC personnel, wrongfully, improperly and falsely charged, arrested, detained and imprisoned the Plaintiff, resulting in Plaintiff having been jailed and imprisoned for an extensive period of time by reason of charges upon which Defendants possessed no reasonable basis, substantive evidence or probable cause; and with Plaintiff having been wrongfully, improperly and/or maliciously prosecuted by Defendants herein, including those attorneys prosecuting said criminal action, despite Defendants possessing no reasonable basis or probable cause to believe that Plaintiff had committed said crime and/or was the Defendant wanted and charged pursuant to Docket Number 2010KN043580, all before Plaintiff was released after being wrongfully arrested, detained and prosecuted by Defendants.

68.     That as a result of the wrongful actions taken by Defendants herein, the Plaintiff sustained damages, including deprivation of his constitutional rights afforded him under the Fourth, Sixth and Fourteenth Amendment to the United States Constitution, as well as violation of his civil rights, pursuant to the dictates imposed by 42 U.S.C. §1983; and 42 U.S.C. §§1981 1985 and 1986, and the laws of the State of New York.

69.     That the Plaintiff, was unlawfully charged, arrested, detained, confined, imprisoned and jailed within NYC, NYPD, and/or DOC custody, resulting in Plaintiff having suffered deprivation of constitutional rights, as well as loss of freedom, in addition to other damages. Plaintiff also suffered the physical and psychological trauma, shock, debasement, fright, great disgrace, embarrassment, loss of self-esteem, emotional harm and humiliation of being publicly detained and placed in custody, without any just or probable cause.

33

70.     That Plaintiff, while in the unlawful custody of the Defendants, NYC, NYPD, DOC, and under the care of the DOH and HHC, suffered physical, medical, emotional, pain and suffering, and injury, the exacerbation of medical conditions, the misdiagnosis of medical conditions, improper and negligent care and treatment, the withholding of vital medication, that caused serious and permanent injury to the Plaintiff. Furthermore, Plaintiff, while in custody and care of the Defendants NYC, NYPD, DOC, DOH, HHC, was not afforded proper medical care and attention and access to medication vital to his physical well-being. This denial of medical attention and medication caused significant medical and physical consequences, leading to the hospitalization of the Plaintiff. Plaintiff was deprived of proper medical care. Plaintiff was injured, due to the negligence, carelessness, recklessness, medical malpractice of the Defendants, and its agents, servants and/or employees, including Correction Officers and/or Law Enforcement and/or Prison Personnel, and/or Physicians, and/or Medical Personnel in the ownership, operation, management, treatment, control, supervision, of the correctional and/or medical facilities in which the claimant was housed and/or treated, and the medical treatment and/or care and/or diagnostic testing that was rendered and/or failed to be rendered to the claimant. The negligence, carelessness, recklessness, malpractice of the Defendants, jointly and severally with their agents, servants and employees, with regard to ownership, operation, management, treatment, control, supervision, of the correctional and/or medical facilities in which the Plaintiff was housed and/or treated, consisted of failing to adequately provide medical treatment and care to the Plaintiff, with the consequence that Plaintiff herein was seriously and permanently injured; in treating Plaintiff in an unreasonable manner and in disregard of known and obvious risks such as to make it highly probable that harm would follow from their actions; in acting with conscious indifference to a highly probable

34

chance of harm to the Plaintiff; in proceeding in disregard of reasonable and prudent standards and/or applicable and accepted medical standards and the obvious risks of harm caused thereby without privilege; in failing to properly respond to the requests and/or complaints of the claimant regarding his physical and/or medical conditions; in causing and/or allowing the claimant to sustain personal injuries and/or aggravation of and/or exacerbation of and/or worsening of existing medical conditions and/or injuries; in failing to employ sufficient staff to properly treat and/or render medical attention to the Plaintiff, in failing to provide adequate hiring, training, supervision of and over their employees and/or agents; in failing to investigate the qualifications and truth and accuracy of the credentials of the personnel medical and otherwise before hiring; in negligently investigating the qualifications and truth and accuracy of the credentials of the personnel, medical or otherwise, before hiring them, in failing to train such personnel, in negligently training such personnel, in retaining such personnel despite that the respondents did and/or should have known they were unqualified to perform their function; in failing to supervise said personnel; in negligently supervising such personnel; in failing to follow policies and procedures for the safe operation of correctional and/or medical facilities; in failing to promulgate rules, regulations, policies, procedures, codes, and guidelines, in writing or orally, for proper and safe operation of correctional and/or medical facilities; in engaging in conduct constituting medical malpractice; in engaging in conduct failing to meet the professional level of conduct and/or duty required and/or accepted in the medical profession; in the negligent failure to comply with mandatory rules and regulations of NYC, NYPD, DOC, DOH, HHC, requiring, among other things, that correction officers respond immediately in a medical emergency; in violating the Plaintiff's civil and constitutional rights under 42 U.S.C. § 1983, et al,; in

35

deliberate, and/or reckless, and/or negligent indifference to the serious medical needs of the Plaintiff, in being otherwise negligent under the circumstances, pending further discovery.

71.     Moreover, because the Defendants were acting within the scope of their employment as members of the NYPD and/or DOC, DOH, HHC, during the incidents in question, NYC is vicariously liable under for the tortious conduct and violations of civil and constitutional rights of the Plaintiff.

**FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS HEREIN, FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND IN VIOLATION OF 42 U.S.C. § 1983 AND 42 U.S.C. §§ 1981, 1985 AND 1986.**

72.     That Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth more fully herein. That as a result of the aforementioned actions, including unlawful, wrongful, false and malicious arrest, seizure, imprisonment, confinement, detainment, jailing and prosecution of the Plaintiff by the Defendants, NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, caused, in whole or in part by Defendants, P.O. Silverstein, P.O. Williams, John/Jane Does 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York, and/or correction officers, and/or DOC personnel, deprived the Plaintiff,, of the rights, privileges and immunities secured by the Constitution and laws of the United States; specifically the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and in violation of 42 U.S.C. §§ 1981, 1983, 1985 and 1986, including, but not limited to, Plaintiff's right to be free and secure in his person, and to be free from arrest, search and seizure, except on probable cause or pursuant to warrant.

36

73.     That the wrongful, false, malicious, and otherwise unlawful charges, arrest, seizure, imprisonment, confinement, detainment, jailing and/or prosecution of the Plaintiff, , by the Defendants, NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, including Defendants, P.O. Silverstein, P.O. Williams, John/Jane Does 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York, and/or correction officers, and/or DOC personnel, was unnecessary, improper, excessive and was not reasonably justified under any circumstances.

74.     That the wrongful and false charges, arrest, detainment, jailing, imprisonment and/or prosecution of the Plaintiff, by the Defendants NYC, DOC and/or NYPD, vicariously by and through their agents, servants, employees and/or representatives, including Defendants, P.O. Silverstein, P.O. Williams, John/Jane Does 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York, and/or correction officers, and/or DOC personnel as referenced previously, vicariously, and by and through said agents, servants, employees and/or representatives, constituted an intentional, willful, malicious, reckless and/or grossly negligent disregard for and/ or deliberate indifference to Plaintiff's rights, as well as Plaintiff's physical and emotional well-being.

75.     That the aforementioned conduct perpetrated by the Defendants, NYC, DOC and/or NYPD, vicariously by and through their agents, servants, employees and/or representatives, including Defendants, P.O. Silverstein, P.O. Williams, John/Jane Does 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York, and/or correction officers, and/or DOC personnel, as well as the attorneys prosecuting said criminal action against the Plaintiff herein, resulted in deprivation of Plaintiff's constitutional rights, as well as immediate injury to the Plaintiff in the form of humiliation, embarrassment and

suffering.

76.     That as a result of the foregoing, Plaintiff has been damaged and injured.

**SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS HEREIN, FOR FALSE/WRONGFUL IMPRISONMENT, IN VIOLATION OF THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND IN VIOLATION OF 42 U.S.C. § 1983 AND 42 U.S.C. §§ 1981, 1985 AND 1986**

77.     That Plaintiff repeats the allegations of the preceding paragraphs as if set forth in full herein.

78.     That by reason of the foregoing, the Defendants, NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, including Defendants, P.O. Silverstein, P.O. Williams, John/Jane Does 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York, and/or correction officers, and/or DOC personnel, while operating under the employ, supervision, direction and control of Defendants NYC, DOC and/or NYPD, intentionally, wrongfully, falsely, maliciously and/or improperly charged, arrested, confined, detained, imprisoned, jailed and/or prosecuted the Plaintiff herein with malice; and without privilege, probable cause or reasonable basis to believe that Plaintiff had committed a crime, and in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986. The Plaintiff was aware of and did not consent to the resultant confinement, detainment, jailing or imprisonment.

79.     That as a result of the foregoing, Plaintiff has been injured and damaged.

**THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS HEREIN, FOR WRONGFUL, FALSE AND MALICIOUS PROSECUTION, RESULTING IN PLAINTIFF'S DEPRIVATION OF CONSTITUTIONAL RIGHTS, INCLUDING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES, PURSUANT TO THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND IN VIOLATION OF 42 U.S.C. §§ 1983, AND 42 U.S.C. §§ 1981, 1985 AND 1986**

80.     That Plaintiff repeats the allegations of the preceding paragraphs as if set forth in full herein.

81.     That by reason of the foregoing, the Defendants, NYC, DOC and/or NYPD, their agents, servants, employees and/or representatives, including Defendants, P.O. Silverstein, P.O. Williams, John/Jane Does 1-20, and/or certain police officers affiliated with and/or serving on behalf of the 72nd Precinct, New York, and/or correction officers, and/or DOC personnel, as well as the attorneys prosecuting said criminal action against the Plaintiff herein, while operating under the employ, supervision, direction and control of Defendants NYC, DOC and/or NYPD, intentionally, wrongfully, falsely, improperly and/or maliciously prosecuted Plaintiff without privilege, probable cause or reasonable basis to believe that Plaintiff had committed the subject crime, at which time Defendants knew, or should have known, and/or possessed complete access to information establishing that Plaintiff had not committed the subject crime, that Plaintiff was not the individual charged and wanted pursuant to Docket Number 2010KN043580. As such, Defendants NYC, DOC and/or NYPD, as well as said agents, servants, employees and/or representatives herein referenced, had neither been involved nor participated in the subject occurrence; all of which was in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986. The Plaintiff was aware of and did not consent to the confinement, detainment, jailing or imprisonment; and or being subject to said criminal prosecution maliciously initiated and/or continued by Defendants.

82.     That as a result of the unlawful, wrongful, false, improper and malicious prosecution of the Defendants herein, as well as their agents, servants, employees and/or representatives herein referenced, the Plaintiff, was deprived of the rights, privileges and

immunities secured by the Constitution and laws of the United States; specifically the right to be free of unreasonable searches and seizures, as set forth by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution; the Sixth Amendment, and in violation of 42 U.S.C. §§ 1981, 1983, 1985 and 1986, including, but not limited to, Plaintiff's right to be free and secure in his person, and to be free from criminal prosecution, except on the basis of reasonable or probable cause.

83.     That as a result of the foregoing, Plaintiff has been injured and damaged.

## FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS HEREIN, FOR NEGLIGENCE AND/OR MEDICAL MALPRACTICE

84.     That Plaintiff repeats the allegations of the preceding paragraphs as if set forth in full herein.

85.     That Plaintiff, while in the unlawful custody of the Defendants, NYC, NYPD, DOC, and under the care of the DOH and HHC, suffered physical, medical, emotional, pain and suffering, and injury, the exacerbation of medical conditions, the misdiagnosis of medical conditions, improper and negligent care and treatment, the withholding of vital medication, that caused serious and permanent injury to the Plaintiff. Furthermore, Plaintiff, while in custody and care of the Defendants NYC, NYPD, DOC, DOH, HHC, was not afforded proper medical care and attention and access to medication vital to his physical well-being. This denial of medical attention and medication caused significant medical and physical consequences, leading to the hospitalization of the Plaintiff. Plaintiff was deprived of proper medical care. Plaintiff was injured, due to the negligence, carelessness, recklessness, medical malpractice of the Defendants, and its agents, servants and/or employees, including Correction Officers and/or Law Enforcement and/or Prison Personnel, and/or Physicians, and/or Medical Personnel in the ownership, operation, management, treatment, control, supervision, of the

40

correctional and/or medical facilities in which the claimant was housed and/or treated, and the medical treatment and/or care and/or diagnostic testing that was rendered and/or failed to be rendered to the claimant. The negligence, carelessness, recklessness, malpractice of the Defendants, jointly and severally with their agents, servants and employees, with regard to ownership, operation, management, treatment, control, supervision, of the correctional and/or medical facilities in which the Plaintiff was housed and/or treated, consisted of failing to adequately provide medical treatment and care to the Plaintiff, with the consequence that Plaintiff herein was seriously and permanently injured; in treating Plaintiff in an unreasonable manner and in disregard of known and obvious risks such as to make it highly probable that harm would follow from their actions; in acting with conscious indifference to a highly probable chance of harm to the Plaintiff; in proceeding in disregard of reasonable and prudent standards and/or applicable and accepted medical standards and the obvious risks of harm caused thereby without privilege; in failing to properly respond to the requests and/or complaints of the claimant regarding his physical and/or medical conditions; in causing and/or allowing the claimant to sustain personal injuries and/or aggravation of and/or exacerbation of and/or worsening of existing medical conditions and/or injuries; in failing to employ sufficient staff to properly treat and/or render medical attention to the Plaintiff, in failing to provide adequate hiring, training, supervision of and over their employees and/or agents; in failing to investigate the qualifications and truth and accuracy of the credentials of the personnel medical and otherwise before hiring; in negligently investigating the qualifications and truth and accuracy of the credentials of the personnel, medical or otherwise, before hiring them, in failing to train such personnel, in negligently training such personnel, in retaining such personnel despite that the respondents did and/or should have known they were unqualified to perform their function; in failing to supervise

41

said personnel; in negligently supervising such personnel; in failing to follow policies and procedures for the safe operation of correctional and/or medical facilities; in failing to promulgate rules, regulations, policies, procedures, codes, and guidelines, in writing or orally, for proper and safe operation of correctional and/or medical facilities; in engaging in conduct constituting medical malpractice; in engaging in conduct failing to meet the professional level of conduct and/or duty required and/or accepted in the medical profession; in the negligent failure to comply with mandatory rules and regulations of NYC, NYPD, DOC, DOH, HHC, requiring, among other things, that correction officers respond immediately in a medical emergency; in violating the Plaintiff's civil and constitutional rights under 42 U.S.C. § 1983, et al,; in deliberate, and/or reckless, and/or negligent indifference to the serious medical needs of the Plaintiff, in being otherwise negligent under the circumstances, pending further discovery.

86.    Moreover, because the Defendants were acting within the scope of their employment as members of the NYPD and/or DOC, DOH, HHC, during the incidents in question, NYC is vicariously liable under for the tortious conduct and violations of civil and constitutional rights of the Plaintiff.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

## REQUEST FOR RELIEF

**WHEREFORE**, respectfully requests that judgment be entered against the Defendants, jointly, severally and/or individually as follows:

(A) Declaratory relief as follows:

42

1.      As to the first cause of action, a declaration that Plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution, and other constitutional rights, was violated, resulting from the unlawful, wrongful and false arrest, seizure, imprisonment, confinement and detainment of the Plaintiff, thereby resulting in sustaining deprivation of his constitutional rights, as well as violation of Plaintiff's civil rights, in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986.

2.      As to the second cause of action, a declaration that Defendants intentionally, wrongfully and/or improperly charged, arrested, confined, detained, jailed and imprisoned Plaintiff, without privilege, probable cause or reasonable basis to believe that had committed a crime, which actions thereby an intentional, willful, malicious, reckless and/or grossly negligent disregard for and/or deliberate indifference to Plaintiff's constitutional rights, as well as Plaintiff's physical and emotional well-being; and in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986.

3.      As to a third cause of action, a declaration that Plaintiff's right to be free from unreasonable searches and seizures, and other constitutional rights, under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution was violated, resulting from the unlawful, wrongful and malicious prosecution of the Plaintiff, thereby resulting in sustaining deprivation of his constitutional rights, including violation of Plaintiff's

civil rights, in violation of 42 U.S.C. §§ 1983, as well as 42 U.S.C. §§ 1981, 1985 and 1986.

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D) An award to of attorneys' fees, costs and disbursements, including interest, herein;

(E) Such other and further relief as this Court may deem just and proper.

DATED: September 10, 2018
      New York, New York

                                                  **AIDALA, BERTUNA & KAMINS, P.C.**

By: _____
                IMRAN H. ANSARI, ESQ.
                *Attorneys for Plaintiff*
                546 5th Avenue – 6th Floor
                New York, New York 10036
                (212) 486-0011

## VERIFICATION

STATE OF NEW YORK    )
                            ) ss
COUNTY OF NEW YORK  )

I, **FRANCISCO MORALES**, being duly sworn, depose and say:

      I am the Plaintiff in the within action.  I have had the foregoing Verified Complaint read and

translated to me from English to Spanish and know the contents thereof.  The same is true to my

own knowledge, except as to the matters therein stated to be alleged on information and belief, and

as to those matters I believe them to be true.

                                                  FRANCISCO MORALES

Sworn to before me this
_16_ day of September, 2018

Notary Public

NANCY H SCHAAFF
Notary Public, State of New York
No. 01SC6265547
Qualified in Kings County
Commission Expires July 09, 2020

44